**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **CONCHITA WASHINGTON,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:09-CV-305-Y** |
| | § | |
| **W. ELAINE CHAPMAN, Warden,** | § | |
| **FMC-Carswell,** | § | |
| **Respondent.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATIONS
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas.   The Findings, Conclusions and Recommendations of the United States Magistrate Judge are as follows:

## I.  FINDINGS AND CONCLUSIONS

**A.      Nature of the Case**

This is a petition for writ of habeas corpus by a federal prisoner pursuant to 28 U.S.C. § 2241.

**B.      Parties**

Petitioner Conchita Washington, Reg. No. 14826-039, is a federal prisoner currently confined in the Carswell Federal Medical Center in Fort Worth, Texas (FMC-Carswell).

Respondent W. Elaine Chapman is the Warden of the FMC-Carswell.

C.      **Procedural History**

Washington, a 70-year-old inmate, is serving a 480-month term of imprisonment on her 1991 convictions for conspiracy to possess and distribute cocaine, possess with intent to distribute cocaine, aiding and abetting, and money laundering in the United States District Court for the Northern District of Indiana.  (Resp't Appendix, Exhibit 1 at 1-2)  Washington asserts that she suffers from life threatening medical problems and is wheelchair dependant.  She has submitted more than one request for early release *via* the Bureau of Prisons's (BOP) compassionate release procedures.  ( *Id.* at 2-3)  Her projected release date is February 27, 2026.  (*Id.* at 4)

D.      **Issues**

Washington claims (1) the prison does not take care of and protect her and that her deteriorating health and medical needs are met with deliberate indifference, (2) the prison has no provisions to house her in a constantly warm environment for her Reynaurd's disease, (3) the prison has no provisions to house her in a chemically free environment for her allergies, and (4) the warden punishes her for furloughing to outside hospitals by shackling her, which impedes circulation, constituting cruel and unusual punishment.  (Petition at 2-3)

E.      **Jurisdiction**

To the extent Washington seeks early release from incarceration to obtain medical care for her alleged life threatening illnesses under grounds (1) through (3), the government construes the claims as seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A) and argues that the court lacks jurisdiction to consider a reduction of the term under the statutory provision, or, in the alternative, that the court lacks jurisdiction to grant Washington's request.  (Resp't Response at 3-6)  Thus, the question arises of whether a § 2241 petition is the proper vehicle for the claims.

Recently, a Fifth Circuit panel addressed the question.  The panel noted that a § 2241 petition

2

may be granted if the inmate "is in custody in violation of the Constitution or laws or treaties of the United States," but concluded that, in the absence of such violation, a compassionate release is not a matter of illegal or unconstitutional restraint. *See Figueroa v. Chapman*, No. 08-11117, 2009 WL 2998697, at *1 (5th Cir. Sep. 21, 2009) (not designated for publication). Like the petitioner in *Figueroa*, Washington does not allege a constitutional violation is present in her first three grounds. Instead, she urges her release is necessitated because the BOP cannot accommodate her medical needs. Thus, the court cannot grant her relief under grounds (1) through (3) pursuant to § 2241. *Id.*

Further, even if the court had jurisdiction, before filing a § 2241 petition, Washington was required to exhaust her administrative remedies. *Rourke v. Thompson,* 11 F.3d 47, 49 (5th Cir. 1993). The BOP has a formal grievance procedure for federal inmates to seek "formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). Although she asserts her administrative remedies have been exhausted, she provides no proof of the assertion.

Finally, Washington's claims regarding deliberate indifference by prison officials to her medical needs and shackling, which do not go "to the manner in which her sentence is being executed," but, instead constitute "conditions of confinement" are properly brought in a civil rights complaint under 42 U.S.C. § 1983. *See Estelle v. Gamble,* 429 U.S. 97, 105 (1976); *Harris v. Hegmann,* 198 F.3d 153, 159 (5th Cir. 1999).

## II. RECOMMENDATION

Based on the foregoing discussion, it is recommended that Washington's petition be dismissed for lack of jurisdiction.

## III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED
## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until December 1, 2009.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV.  ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until December 1, 2009, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation.  It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED November 10, 2009.

_____/s/___Charles Bleil_____
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE